# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) DONNIE JOE WATTS )
(2) CHRISTIE HOOPER )
                                         )
                Plaintiffs, )
                                         )
v.                                        )    Case No. CIV-14-483-D
                                         )
(3) ALLSTATE PROPERTY & )
     CASUALTY INSURANCE )
     COMPANY, a foreign corporation, )
     and, )
                                         )
(4) ROBERT "ROBBIE" BENNETT, )
     Individually, )
                                         )
                Defendants. )

## COMPLAINT

Plaintiffs, Donnie Joe Watts ("Watts") and Christie Hooper ("Hooper"), for their Complaint against the Defendants, Allstate Property and Casualty Insurance Company ("Allstate") and Robert "Robbie" Bennett ("Bennett"), alleges and states:

### PARTIES AND JURISDICTION

1. Watts is a citizen of the State of Oklahoma and a resident of Pottawatomie County. The insured residential property was also located in Pottawatomie County.

2. Hooper is a citizen of the State of New Mexico.

3. Allstate is a foreign corporation incorporated in the State of Illinois with its principal place of business in the State of Illinois. Allstate is licensed to

conduct business in the State of Oklahoma and issued a homeowners insurance policy to Plaintiff insuring the home in which Plaintiff resided at the time of a fire loss on or about November 22, 2011.

4. Bennett is a citizen of the State of Oklahoma. At all material times, Bennett was employed as a captive insurance agent for Allstate, and was acting within the course and scope of said agency.

## FACTS

5. In approximately 1973, Watts and his wife purchased a home located at 13301 Fishmarket Road, McCloud, Oklahoma ("Home").

6. In or around 2000, Watts and his wife transferred the Home to Hooper his only daughter for estate planning purposes.

7. Thereafter Bennett was specifically informed by Watts and his wife that title of the Home located at 13301 Fishmarket Road, McCloud, Oklahoma had been transferred to Hooper for estate planning purposes.

8. Watts and his wife continued to live in and maintain the Home including paying all property taxes and insurance.

9. On or about November 22, 2011, the Home was damaged/destroyed as the result of a fire.

10. On January 11, 2012, Watts' wife passed away.

11. Given that Watts and his wife continued to live and maintain the Home after the transfer of title to Hooper, they derived an economic advantage by its continued existence and were harmed by its destruction.

12. At all times material hereto, the Home was insured under and maintained an insurance interest pursuant to the terms and conditions of a homeowner's insurance policy, policy No. 921724019 (the "Insurance Contract," issued by Allstate.

13. After the transfer of the Home to Hooper for estate planning purposes, she became a third-party beneficiary of the Insurance Contract.

14. At all times material hereto, Allstate was responsible for the acts and omissions of its captive agent/employee, Bennett. Knowledge of Bennett was imputed to Allstate.

15. Fire is a covered peril, not otherwise excluded, pursuant to the terms and conditions pf the policy issued by Allstate.

16. Fire is a covered peril, not otherwise excluded, pursuant to the terms and conditions of the policy issued by Allstate.

17. Allstate and Bennett, at all times material hereto, knew that Watts had transferred title of the Home to Hooper.

## FIRST CAUSE OF ACTION

*Breach of Contract*

18. Bennett was notified that Watts and his wife had transferred ownership of the Home to Hooper. This knowledge was imputed to Allstate. Thus, Allstate knew that ownership of the Home had been transferred to Hooper. Notwithstanding, Allstate denied Watt's claim on the grounds that Allstate was unaware that title to the Home had been transferred to Hooper.

19. Watts continued to live in the Home after the transfer of title, described above.

20. Watts properly submitted his claim for the fire damage to Allstate. Allstate intentionally, unreasonably, and wrongfully investigated and adjusted the claim, and wrongfully denied payment for contents and real property which were due and owing Watts.

21. The acts and omissions of Allstate in the investigation, evaluation and denial of Watts' claim were unreasonable and constitute a breach of the Insurance Contract for which contractual damages are hereby sought.

22. In the alternative, the acts and omission of Allstate as described above constituted a breach of the Insurance Contract to which Hooper was a third-party beneficiary and for which contractual damages are hereby sought.

## SECOND CAUSE OF ACTION

### *Bad Faith*

23. Watts properly submitted his claim for the fire damage to Allstate, and Allstate intentionally, unreasonably and wrongfully investigated and adjusted

the claim and wrongfully denied payment for contents and real property which were due and owing to Watts.

24. Allstate's investigation was biased from the outset. Allstate prejudged Watts' claim and searched for reasons to deny it. In addition, Allstate's reliance on exclusionary language in Watts's insurance policy was unreasonable and in bad faith.

25. Allstate's conduct constitutes bad faith for which extra-contractual damages are hereby sought.

26. The conduct of Allstate was reckless and intentional and designed solely to deprive Watts and/or Hooper of the insurance benefits to which they were entitled. Allstate knew that its wrongful denial of Watts' claim would leave Watts homeless and leave Watts and Hooper in a precarious economic situation. Accordingly, the actions of Allstate warrant the imposition of punitive damages, to punish Allstate and to deter others from like conduct.

## THIRD CAUSE OF ACTION

### *Negligence*

27. In the unlikely event that it is determined that Allstate is not responsible for paying this loss, Bennett is liable based on his own negligence.

28. Bennett was specifically informed by Watts and his wife that title of the Home located at 13301 Fishmarket Road, McCloud, Oklahoma had been transferred to Hooper for estate planning purposes.

29. Bennett was negligent for not properly changing Watts' homeowner's insurance policy to reflect the transfer of the title of the home to Hooper.

30. As a result of the negligence of Bennett, described above, Watts and Hooper have suffered injuries and damages.

WHEREFORE, the Plaintiffs, Donnie Joe Watts and Christie Hooper, pray for judgment against the Defendants, Allstate and Bennett, for an amount in excess of $75,000.00, together with costs, including attorney's fees, and any other relief this Court deems just and reasonable.

Respectfully submitted,

*/s/ T. Matthew Smith*

T. Matthew Smith, OBA# 20848
HIERSCHE LAW FIRM
The Hightower Building
105 North Hudson Ave., Ste. 300
Oklahoma City, OK  73102
(405) 235-3123
(405) 235-3142

Attorney for Plaintiffs

**ATTORNEY'S LIEN CLAIMED JURY TRIAL DEMANDED**